UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| OASIA BARNES, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | CAUSE NO.: 3:11-CV-166-TLS |
| DELRAY TROTTER, *et al.*, | ) ) ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

Oasia Barnes, a prisoner who is proceeding pro se in this matter, filed a Complaint alleging that the kitchen at the Indiana State Prison in Michigan City, Indiana, where his is confined, failed a health department inspection. Based on the violations that were found during that inspection, he brings this suit against six defendants seeking two million dollars.

**DISCUSSION**

Currently before the Court is the Plaintiff's Complaint [ECF No. 1]. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under Rule 12(b)(6), a court construes a complaint in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Additionally, a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The Plaintiff alleges that the conditions in the kitchen at the Indiana State Prison violated the standards set by the Indiana State Department of Health for safe food handling. This alone is insufficient to state a federal claim because "[i]n order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). As a convicted prisoner, Barnes may not be subjected to conditions which violate the Eighth Amendment, but "not every deviation from ideally safe conditions constitutes a violation of the constitution. The eighth amendment does not constitutionalize the Indiana Fire Code. Nor does it require complete compliance with the numerous OSHA regulations." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted). Just as the Constitution does not constitutionalize the Indiana Fire Code it also does not constitutionalize the Indiana Health Department regulations.

The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do

not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

> Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also, Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society."); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

*Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted). "An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted).

The Plaintiff indicates that the Department of Health found a number of violations. Two ceiling tiles were missing in the west dining room and there was evidence of water damage. In the production kitchen, water was leaking from the steam kettles and a metal cover was missing from one of the gear mechanisms. Chemicals were stored outside of secured cabinets. Three containers of macaroni were not covered. In the offender restroom, only one urinal and one sink worked and the sink drained slowly. Chemical usage was not accurately recorded on log sheets. Inmate employees started work in the production kitchen and serving line without being screened for diseases or washing their hands. Workers wiped their gloved hands on wiping clothes. Steam tables were inoperable. Time and temperature control records were not properly maintained. Some food was served outside of the proper temperature range. Serving trays were chipped. The dishwasher had lime deposits on the inside. The hand sinks in the bakery and on the east serving line did not work. The sanitizing solution in the bucket on the west serving line

was not clean. Washed, wet trays were put out for use before they were fully air dried. The bakery stock room had trash and food debris on the floor. A wall had dirt and dust on it.

None of those health code violations constitute a risk "so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher*, 384 F.3d at 882. Many are risks that free citizens take every day in their own kitchens as well as in cafeterias and restaurants. *See* Marion County Health Department, http://hhcwebfood.mchd.com/HHCWebFood/FoodMap/Search.aspx (last visited June 27, 2011) (listing food service inspections and violations in Marion County). Thus, this "is the type of risk many encounter voluntarily . . . and exposure to it in moderate levels is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual." *Christopher*, 384 F.3d at 882 (quotation marks omitted); *see also Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (holding that exposure to hazards faced daily by members of the public at large do not constitute a violation of the Eighth Amendment.)

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on June 30, 2011.

        s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION